UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DONALD A. FRANKLIN, | ) | CASE NO. 1:15 CV 804 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) ) | |
| GARY NUSBAUM, et al., | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) ) | |

On April 23, 2015, Plaintiff *pro se* Donald A. Franklin, an inmate at the Richland Correctional Institution ("RiCI"), filed this civil rights action under 42 U.S.C. § 1983 against Defendants RiCI Captain Gary Nusbaum and RiCI Sergeant Robert White. Plaintiff alleges in the Complaint that, in 2011, Defendants used excessive force in subduing him. He further alleges he has not been able to obtain a copy of relevant investigatory findings, even though he was placed in the Segregation Unit several times as a result of the incident. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudette*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

Even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid federal claim. *See, Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). Further, even if Plaintiff had otherwise set forth a viable claim, it is apparent on the face of the Complaint that

the two-year statute of limitations for bringing a § 1983 claim[1] expired well before this action was filed. There would thus be no purpose in allowing this case to go forward. *See, e.g., Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir.2002) (district court may *sua sponte* dismiss complaint as time-barred when the defect is obvious); *Alston v. Tennessee Dept. of Corrections*, 2002 WL 123688 * 1 (6th Cir. Jan.28, 2002) (*sua sponte* dismissal of complaint which is time-barred on its face is appropriate); *Fraley v. Ohio Gallia County*, 1998 WL 789385 * 1 (6th Cir., Oct.30, 1998) (affirming *sua sponte* dismissal of pro se § 1983 action filed after two-year statute of limitations for bringing such an action had expired).

Accordingly, this action is dismissed under section 1915A. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: July 30, 2015

---

[1] *See, LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097 (6th Cir.1995).